**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re | |
| **KEITH ALLEN LASLEY** and **KATHY ANN LASLEY**, | Case No.  **08-60713-13** |
| Debtors. | |

**MEMORANDUM of DECISION**

At Butte in said District this 4th day of March, 2010.

In this Chapter 13 case, after due notice, a hearing was held December 14, 2009, in Billings on Debtors' Motion for Sanctions for Violation of the Automatic Stay filed November 4, 2009, at docket entry no. 60, which Motion is opposed by the County of Los Angeles, Child Support Service Department ("CSSD").  Phillip R. Oliver of Billings, Montana appeared at the hearing on behalf of Debtors and Sheila C. Lebowitz of Commerce, California appeared on behalf of CSSD.  The Debtor Keith Allen Lasley ("Keith") appeared and testified.  Debtors' Exhibits A, B, D and E and CSSD's Exhibits 2 and 4 were admitted into evidence without objection at the hearing.

**JURISDICTION**

This Court has jurisdiction over this Chapter 13 case under 28 U.S.C. § 1334(a).  Debtors' Motion for Sanctions for Violation of the Automatic Stay is a core proceeding under 28 U.S.C. § 157(b)(2).  This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.  These contempt proceedings are governed by F.R.B.P. 9020 and 9014.

1

Created by Neevia Document Converter trial version http://www.neevia.com

**FACTS**

Debtors filed a voluntary Chapter 7 bankruptcy petition on June 13, 2008.  On August 5, 2008, Debtors' case was converted to Chapter 13 of the Bankruptcy Code.  Debtors did not list CSSD in their schedules filed June 13, 2008, or in their amended schedules filed July 3, 2008.  Debtors filed an amended Schedule E on September 5, 2008, listing LA Child Support Services as having a priority claim in the amount of $47,790.00.  The Certificate of Service attached to Debtors' September 5, 2008, Notice of Amended Schedules reflects that "a true and correct copy of the foregoing NOTICE OF AMENDED SCHEDULES was served" on LA Child Support Services at 5770 South Eastern Ave., Commerce, CA 90040-2924.  The Notice of Chapter 13 Bankruptcy Case entered by the Court on August 5, 2008, was not served upon CSSD or LA Child Support Services and contrary to assertions by Debtors, the record does not reflect that Debtors served the amended Notice of Chapter 13 Bankruptcy Case entered September 5, 2008, on either CSSD or LA Child Support Services.  The Court did not serve CSSD with the amended Notice of Chapter 13 Bankruptcy Case because Debtors did not amend their Schedule E until after the Court entered the amended notice.  However, counsel for CSSD states in the written opposition to Debtors' motion for sanctions that "[o]n or about September 11, 2008, CSSD received Debtors' Notice of Chapter 13 filing[.]"[1]

Debtors' Amended Chapter 13 Plan dated December 2, 2008, which contemplates 36 plan payments, was confirmed by this Court on December 10, 2008.  Debtors' confirmed second

---

[1] The amended Notice of Chapter 13 Bankruptcy Case provides on page 1 that December 14, 2008, is the deadline for creditors (except a governmental unit) to file a proof of claim.  The Notice does not set forth a deadline for governmental units to file a proof of claim but under 11 U.S.C. § 348 and Rule 3002(c)(1), F.R.B.P., it appears CSSD would have 180 days from the date of conversion, August 5, 2008, to file a proof of claim.

2

Created by Neevia Document Converter trial version http://www.neevia.com

Amended Chapter 13 Plan makes no provision for CSSD.  In addition, Debtors did not serve copies of their Chapter 13 plan or amended Chapter 13 plans upon CSSD or LA Child Support Services and the Orders confirming the same were not served upon CSSD or LA Child Support Services.

Shortly after Debtors filed their bankruptcy petition on June 13, 2008, Keith received a Non-Custodial Parent's Billing Statement ("Billing Statement") from CSSD dated August 1, 2008, showing that he owed $47,790.36 for unpaid child support.  Keith testified that he was surprised when he received the Billing Statement because he thought his daughter, who was born in 1972, had been adopted when she was about 13 years old, thus relieving Keith of his child support obligation after 1985.  Keith's daughter is now 38 years old and Keith testified that he has heard nothing from CSSD in the past 25 years or so.  CSSD maintains that Keith's former spouse requested that the child support case be reopened in 1985 because Keith had not paid any child support for 11 years.  Keith agrees with CSSD that he made four payments of $62.50 each on his child support obligation in 1988 and CSSD received via levy a payment of $281.46 in November of 2004.  CSSD later received a payment of $250.00 from the Department of the Treasury.

In response to the Billing Statement, attorney Toby Alback sent a letter dated September 2, 2008, to the California State Disbursement Unit requesting a "full and complete accounting of all charges and credits made to [Keith's] account" because Keith was questioning "the amounts shown as due under [Keith's] account and, therefore, the accounting is needed to enable me to assist him in this matter."  Neither the letter of September 2, 2008, nor the Consent for Disclosure of Information attached thereto make any reference to Keith's pending bankruptcy

Created by Neevia Document Converter trial version http://www.neevia.com

case.

On January 23, 2009, Debtors' counsel sent another letter to the California State

Disbursement Unit advising CSSD that Keith had filed a bankruptcy petition on June 13, 2008,

and that the deadline for creditors to file proofs of claim was December 15, 2008.  Debtors'

counsel contends in the letter that because CSSD failed to file a timely proof of claim that the

amount it claims due "is not collectible."  The record shows that Debtors filed Proof of Claim

No. 19 on behalf of LA Child Support Services on December 24, 2009, reflecting a priority claim

of $250.00.

Subsequent to the letter of January 23, 2009, CSSD continued to send Monthly Billing

Statements to Keith.  A Monthly Billing Statement dated October 1, 2009, shows that Keith

owed $50,000.24 as of that date.[2]  Keith also received a notice dated May 14, 2009, from the

Department of the Treasury which states: "The law requires the U.S. Department of Treasury's

Financial Management Service (FMS) to offset (or reduce) these payments to collect delinquent

debts owed to state or federal government agencies, including delinquent child support debts."

That notice advised Keith that the Department of Treasury was forwarding the $250.00 due under

the "American Recovery and Reinvestment Act," Public Law 111-5, to Child Support Services in

Commerce, California.  Debtors filed their pending motion for sanctions on November 4, 2009.

In their Motion, Debtors move the Court, "pursuant to 11 U.S.C. § 362(a), to find Los

Angeles County, California, CSSD . . . in violation of the automatic stay."  Debtors then recite a

---

[2] According to CSSD, Keith's former spouse and their child were on and off public assistance from the period January 1975 through November 1993.  Therefore, child support was owed to both the former spouse (non-welfare) and Los Angeles County (welfare).  Keith owes $26,831.17 on the welfare arrears and the balance is presumably owed on the non-welfare arrears.

Created by Neevia Document Converter trial version http://www.neevia.com

laundry list of facts, some of which are not supported by the record.  Debtors conclude by requesting that the Court declare CSSD "guilty of civil contempt by violating the automatic stay granted herein, for its actions on or about September 8, 2008, through the date of this Motion" and award "Debtors compensatory and punitive damages, plus attorney's fees and costs pursuant to 11 U.S.C. § 362(h)[3] and for contempt of Court[.]"

CSSD opposes Debtors' motion arguing that Debtors' apparent reliance on this Court's decisions in *In re Boudreau*, Case No. 04-62410-13, docket entry nos. 52 and 83, is misplaced because after enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8 Stat. 23 § 442 (Apr. 20, 2005), effective for cases filed after October 17, 2005, the automatic stay did not apply to CSSD under 11 U.S.C. § 362(b)(2)(B) and (C).  CSSD also argues that the $250.00 received by CSSD post-petition from the Department of the Treasury was neither property of the estate nor money belonging to Keith.  CSSD also asserts that the District Attorney, as the public prosecutor, is entitled to absolute immunity, that Debtors' motion is barred by the Eleventh Amendment of the Unites States Constitution, that Debtors fail to state a claim upon which relief can be granted and that it may be appropriate for this Court to order sanctions against Debtors in this case.

## DISCUSSION

Prior to October 17, 2005, and the enactment of BAPCPA, 11 U.S.C. § 362(h) read:  "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  On January 20, 2006, this Court entered a Memorandum of Decision in *In re*

---

[3] This statutory reference was amended in 2005 under BAPCPA to § 362(k).

5

Created by Neevia Document Converter trial version http://www.neevia.com

*Boudreau* addressing § 362(h) and a creditor's egregious violation of the automatic stay. Because *In re Boudreau* involved a Chapter 13 case commenced by the Debtor on August 4, 2004, the Court explained in Footnote 1 of its January 20, 2006, Memorandum of Decision: "This memorandum cites to 11 U.S.C. § 362(h) concerning the relief that is available to the Debtor for a violation of the stay by a creditor, even though the Bankruptcy Abuse Prevention and Consumer Protections Act of 2005, effective for most provisions on October 17, 2005, amended 11 U.S.C. § 362(h) and redesignated it as 11 U.S.C. § 362(k).  This contested matter is governed by the prior Code provision."

Debtors commenced their instant bankruptcy on June 13, 2008, and the case was converted to Chapter 13 of the Bankruptcy Code on August 5, 2008.  This case is clearly governed by BAPCPA.  As correctly argued by CSSD, BAPCPA made several substantial changes to § 362.  Prior to BAPCPA, § 362(b)(2)(B) read: "The filing of a petition . . . does not operate as a stay . . . (2) under subsection (a) of this section . . . (B) of the collection of alimony, maintenance, or support from property that is not property of the estate."  Section 362(b)(2) did not contain a subsection (C).

BAPCPA amended § 362(b)(2)(B) and that provision now reads: "The filing of a petition . . . does not operate as a stay . . . (2) under subsection (a) . . . (B) of the collection of a domestic support obligation from property that is not property of the estate[.]"  In addition, BAPCPA added a new subsection (C) which provides: "The filing of a petition . . . does not operate as a stay . . . (2) under subsection (a) . . . (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute[.]"

Created by Neevia Document Converter trial version http://www.neevia.com

Prior to BAPCPA, the Bankruptcy Code did not define the term "domestic support

obligation." However, after enactment of BAPCPA, the term "domestic support obligation" was

defined in 11 U.S.C. § 101(14A) as,

> a debt that accrues before, on, or after the date of the order for relief in a case
> under this title, including interest that accrues on that debt as provided under
> applicable nonbankruptcy law notwithstanding any other provision of this title,
> that is--
>
>> (A) owed to or recoverable by--
>>
>>> (i) a spouse, former spouse, or child of the debtor or such child's
>>> parent, legal guardian, or responsible relative; or
>>>
>>> (ii) a governmental unit;
>>
>> (B) in the nature of alimony, maintenance, or support (including assistance
>> provided by a governmental unit) of such spouse, former spouse, or child
>> of the debtor or such child's parent, without regard to whether such debt is
>> expressly so designated;
>>
>> (C) established or subject to establishment before, on, or after the date of
>> the order for relief in a case under this title, by reason of applicable
>> provisions of--
>>
>>> (i) a separation agreement, divorce decree, or property settlement
>>> agreement;
>>>
>>> (ii) an order of a court of record; or
>>>
>>> (iii) a determination made in accordance with applicable
>>> nonbankruptcy law by a governmental unit; and
>>
>> (D) not assigned to a nongovernmental entity, unless that obligation is
>> assigned voluntarily by the spouse, former spouse, child of the debtor, or
>> such child's parent, legal guardian, or responsible relative for the purpose
>> of collecting the debt.

In this case, the Court agrees with CSSD that Debtors and their counsel fail to understand

that collection of a domestic support obligation from property that is not property of the estate is

7

Created by Neevia Document Converter trial version http://www.neevia.com

permitted under the Bankruptcy Code post-BAPCPA.  Such obligation in this case is also

excepted from Keith's discharge under 11 U.S.C. § 523(a)(5).  As explained in 3 COLLIER ON

BANKRUPTCY, ¶ 362.05[2], p.362-50:

> In view of the domestic, noncommercial origin of these obligations, their
> nondischargeability and the potential needs of the obligees, there is strong reason
> to permit collection of these obligations free of the restrictions of the automatic
> stay, as long as such collection is from property that is not part of the estate
> earmarked for creditors generally.

Because the Bankruptcy Code permits collection of a domestic support obligation from

property that is not property of the estate, this Court concludes that CSSD did not violate the

automatic stay when it sent various monthly billings statements or warning notices to Debtors.

Similarly, notwithstanding Debtors' skeletal argument that CSSD violated the stay when it

received Keith's stimulus payment of $250.00, the Court finds that CSSD did not violate the

automatic stay when it accepted the payment of $250.00 from the Department of the Treasury

because § 362(b)(2)(C) provides an exception to the stay with respect to the withholding of

income that is property of the estate or property of the debtor for payment of a domestic support

obligation under a judicial or administrative order or a statute.

For the reasons discussed above, the Court concurs with CSSD that Debtors have failed

to state a claim upon which relief can be granted.  For the same reasons, this Court need not

address CSSD's claim of absolute immunity or its Eleventh Amendment argument.

Finally, CSSD seeks sanctions against Debtors because they filed a materially false claim.

In particular, CSSD requests that the "Court set aside its own order approving confirmation of

the plan; set aside the proof of claim Debtor filed . . . in the amount of $250.00, and grant the

CSSD leave to file its own proof of claim."  The Debtors filed Proof of Claim No. 19 on behalf

Created by Neevia Document Converter trial version http://www.neevia.com

of CSSD in the sum of $250.00, even though Debtors received notice that Keith owed in excess

of $49,000.00 in back child support.  Keith testified at the hearing that he believed he had paid

his child support obligation in full.  The Court finds Keith's testimony unbelievable.  Keith could

not reasonably believe that he paid 11 years of child support in full after making only 4 payments

of $62.50 each, in addition to a levy of $281.46 and his stimulus payment of $250.00, which

amounts total $781.46.[4]  The Court finds that Debtors' filed a materially false claim by filing

Proof of Claim No. 19 in the sum of only $250.00.  Pursuant to Mont. LBR 3007, the Court has

the ability to void Proof of Claim No. 19.  However, disallowance of a materially false claim

requires notice and hearing.

Because CSSD includes its request for relief in a responsive pleading, and not in a motion

and notice filed in accordance with Mont. LBR 9013-1, this Court declines to take an adverse

action against Debtors at this time.  However, CSSD is granted leave to file any future motion,

with notice as required by Mont. LBR 9013-1, it deems appropriate.  In accordance with the

above, the Court will enter a separate order providing as follows:

**IT IS ORDERED** that Debtors' Motion for Sanctions for Violation of the Automatic

Stay filed November 4, 2009, at docket entry no. 60, is DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[4]  Keith also received a credit of $127.50 in October of 2002.

9

Created by Neevia Document Converter trial version http://www.neevia.com

Created by Neevia Document Converter trial version http://www.neevia.com